```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/6/2016__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
        :
UNITED STATES OF AMERICA,    :
        :
        Plaintiff,    :
        :    14-CV-3916 (VSB)
      - against -    :
        :    <u>ORDER</u>
ALL RIGHT, TITLE AND INTEREST    :
IN THE REAL PROPERTY AND    :
APPURTENANCES THERETO KNOWN AS :
191 MERRITT AVENUE    :
BERGENFIELD, NEW JERSEY 07621    :
AND ALL PROCEEDS TRACEABLE    :
THERETO,    :
        :
        Defendant-in-Rem.  :
        :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On July 6, 2015, the Government filed it motion, declaration, and memorandum of law to compel claimants, Wan Ching Yeung and Hai Jin Lu, ("Claimants") to comply with discovery obligations. (Docs. 24, 26-27.)[1] Claimants filed an Affirmation in Opposition to the Government's motion to compel on July 15, 2015, (Doc. 29), and the Government filed its reply with supporting exhibit on August 3, 2015, (Doc. 32).

      Because Claimants have repeatedly refused to comply with the proper discovery requests of the Government, I grant the Government's motion to compel and direct that Claimants comply with all outstanding discovery demands in the above-referenced action. Specifically, on or before February 9, 2016, Claimants shall respond to the following outstanding discovery requests:

    1.    Produce all federal, state, local and foreign income tax returns or filings with all the

---

[1] The declaration was re-filed on July 7, 2015, as the original filing was deficient. (*See* Doc. 25.)

    attachments, including W-2 forms, that Claimants or Claimants' companies have filed from 2009 through 2014, specifically including tax returns for 2009, 2010, and 2014.

2. Produce all documents relating to any business, profession, and/or trade from which Claimants have derived income for 2009 through 2014.

3. Produce all documents evidencing bank account(s) in which Claimants or Claimants' companies held any interest in between 2009 and 2014, including but not limited to, account statements, account opening applications, cancelled checks, deposit slips, debit and credit advices for each such account.

4. Produce all documents supporting Claimants' contention that Claimants are an innocent owner of the defendant property.

5. Produce signed Authorizations to Release Employment Information and Reports, as well as Financial Records and Documents.

6. Identify any and all witnesses who Claimants contend have information suggesting that (a) the money orders were not purchased in a structured manner in violation of 31 U.S.C. § 5324; and (b) the defendant property was not involved in transactions structured to evade financial reporting requirements.

7. Identify any and all persons having any factual knowledge concerning these responses to interrogatories, and identify any and all persons who assisted Claimants in preparing responses to these interrogatories.

8. Produce all documents relating to any company owned by Claimants, including shareholders, directors, officers, income tax filings, etc.

9. Identify all places of employment and employers of Claimants between 2009 and 2014, including name, address, and telephone number(s), including but not limited to, all restaurants where the Claimants have been employed.

10. Identify all bank accounts owned or controlled by the Claimants during the years 2009 through 2014.

11. Identify by name, address, telephone number, and Claimants' relationship, to each and every person Claimants have borrowed money from to make purchases of postal money orders to be used towards mortgage payments on the defendant property.

12. Identify by name, address, and telephone number Claimants' three children.

13. Identify by name, address, and telephone number of the owner of Claimants' place of employment.

14. Identify any ownership interest of Claimants in the Golden Dragon restaurant.

  Failure to comply with this discovery order may result in striking of Claimants' Answer

and Claims, entry of default judgment, adverse inferences, or evidentiary preclusions.

    SO ORDERED.

Dated: January 6, 2016
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge